# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DONALD TARNOSKI,

               Plaintiff,         CIVIL ACTION NO.  06-CV-12397-DT

   VS.                   DISTRICT JUDGE MARIANNE O. BATTANI

OLD REPUBLIC           MAGISTRATE JUDGE MONA K. MAJZOUB
INSURANCE CO.,
              Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND FOR PROTECTIVE RELIEF AND DENYING IN PART DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF FROM CONDUCTING DISCOVERY REGARDING AND OFFERING INTO EVIDENCE INFORMATION RELATING TO PRIOR NO-FAULT BENEFITS PAID BY DEFENDANT

Before the Court are two discovery motions, Plaintiff's Motion to Compel and for Protective Relief filed on February 21, 2007 (docket no. 13), and Defendant's Motion to Preclude Plaintiff from Conducting Discovery Regarding and Offering into Evidence Information Relating to Prior No-Fault Benefits Paid by Defendant filed on March 6, 2007 (docket no. 16).  Defendant has responded to Plaintiff's motion. (Docket no. 20).  Plaintiff has responded to Defendant's motion (docket no. 21), and Defendant has filed a Reply brief.  (Docket no. 22).  The Court heard the arguments of counsel on April 17, 2007.  These matters have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket nos. 14, 17).  The matters are now ready for decision.

Plaintiff was injured in an automobile accident in 2004 while he was driving a vehicle owned by his employer, CSX Company.  Defendant insured the vehicle.  In December 2004, Plaintiff filed an action in state court against Defendant seeking no-fault benefits pursuant to Michigan state law. Defendant paid or committed to pay no-fault benefits to Plaintiff in excess of $240,000 in November and December of 2005.  Defendant then paid an additional $200,000 to resolve certain disputed claims.

In January 2006 the parties reached a settlement agreement, and that action was dismissed. Subsequent to the January 2006 settlement, Defendant discontinued paying no-fault benefits to Plaintiff. The discontinuation of benefits followed an independent medical examination of Plaintiff that attributed his disability more to a pre-existing condition than the accident. Plaintiff then re-filed suit in state court in May 2006. Defendant removed that action to this Court.

A pivotal issue common to the motions before the Court is whether Plaintiff should be allowed to conduct discovery concerning the previous payments that Defendant made to Plaintiff during the state court action. Defendant argues that the subject matter of the payments is irrelevant because evidence of such payments will not be admissible at trial. Plaintiff contends that its discovery requests concerning the payments are calculated to lead to the discovery of admissible evidence and that discovery should not be precluded.

The primary cases relied upon by Defendant do not address the specific issue of whether discovery should be allowed concerning the payments. In *Hammermeister v. Riverside Ins. Co*, 116 Mich. App. 552 (1982), the court stated that the "mere fact that the insurer paid some wage-loss benefits is insufficient by itself for us to hold that, in the event the insured filed suit objecting to the amount of benefits paid, the insurer is precluded from asserting that it owes the insured nothing at all." *Id.* at 556. The court pointed out that the insurer may have paid for a reason other than because it believed it was liable. Similarly, in *Calhoun v. Auto Club Ins. Assoc.*, 177 Mich. App. 85 (1989), the court relied upon *Hammermeister* to reject plaintiff's argument that defendant was estopped from denying payment of plaintiff's no-fault medical benefits. That court stated that the "fact that an insurer has paid some benefits to an insured party does not preclude it from later asserting that it owes nothing when the insured party files suit." *Id.* at 89. In the present action Plaintiff is not seeking to prevent Defendant from asserting that it now owes him nothing. Plaintiff is instead seeking to discover information about

these prior payments.  These cases and others cited[1] do not convince the Court that it should preclude Plaintiff from discovering the information he seeks.

Defendant also relies upon Fed. R. Evid. 408.  Under that rule, certain evidence is not admissible to prove liability for, invalidity of, or the amount of a claim that was disputed as to validity or amount. Such evidence not admissible includes evidence of furnishing or offering to furnish valuable consideration in compromising or attempting to compromise the claim, and conduct or statements made in compromise negotiations regarding the claim.  Defendant argues that all of its payments were made as a result of protracted settlement negotiations between the parties during the state court action. It shows that Plaintiff's counsel wrote a letter dated July 27, 2005 setting out claims for attendant care for months in 2004 and 2005.  Also, Defendant presents a letter from Plaintiff's counsel dated August 26, 2005 setting out a settlement demand for $486,656.59.  The demand covers Plaintiff's medical expenses and wage loss benefits.  Every one of the identified checks Defendant later sent to Plaintiff was for a claim represented in this demand letter.

Accordingly, under Rule 408 evidence of Defendant's prior payments may not be admissible to prove liability.  However, with respect to whether Plaintiff should be allowed to conduct discovery on these issues, the question is whether the requested discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b).  *See Morse/Diesel, Inc. v. Fidelity and Deposit Co.*, 122 F.R.D. 447 (S.D.N.Y. 1988).

Plaintiff has served interrogatories requesting Defendant to identify the individuals who participated in the decisions to make these payments, and has requested production of the updated claims file, including all payment records.  Plaintiff contends that evidence of the payments will not be

---

[1] *Gaul v. Westfield National Ins. Co.*, 1999 Ohio App. LEXIS 3888 (Ohio Ct. App. 1999) (docket no. 16, ex. A); *Columbia v. Prudential Ins. Co.*, 116 F.3d 1480 (6th Cir. 1997) (unpublished).

3

offered to prove liability and that discovery should not be precluded. Plaintiff reasons that Defendant's payment of past wage losses will show that Defendant's claims personnel committed to pay not only past wages but also future, unaccrued claims for wage losses for the maximum time period allowed by law. Plaintiff also argues that the evidence of payments of medical expenses and attendant care services will show that experienced claims personnel acknowledged that Plaintiff's injuries require 24-hour care and that the services provided by Plaintiff's wife were reasonable and necessary expenses and were related to the accident. Finally, Plaintiff argues that the payments will rebut the last examining physician's opinion that Plaintiff's pre-existing condition is the cause of his need for attendant care.

The question of whether the requested discovery is reasonably calculated to lead to the discovery of admissible evidence is a close question. Broad discretion is afforded to the Court in regulating discovery. *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991). The Court is guided by the strong, overarching policy of allowing liberal discovery. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). The policy of allowing open and free negotiations furthered by Rule 408 is not intended to conflict with these liberal discovery rules. *NAACP v. United States Dep't of Justice*, 612 F. Supp. 1143, 1146 n.1 (D.D.C. 1985). Even if evidence of the payments made by Defendant is not admissible at trial on the question of Defendant's liability, Plaintiff has advanced non-frivolous theories under which the information it seeks could be admitted at trial. Accordingly, in balancing these competing policies the Court concludes that Plaintiff should be allowed to discover information related to Defendant's prior payments. The Court declines to decide at this point whether any evidence that Plaintiff discovers should be admitted into evidence. This is a question better answered later in the proceedings after the evidence has been identified in a more concrete fashion. Defendant's motion to preclude Plaintiff from introducing information into evidence will be denied without prejudice. Defendant's motion to preclude Plaintiff from conducting discovery will be denied.

4

Plaintiff's motion to compel raises four issues. Judge Battani has entered an amended scheduling order which extends the discovery deadline. (Docket no. 15). Therefore, the issue of extending the discovery deadline is resolved. In addition, during the April 17 hearing, Defendant's counsel agreed to withdraw Dr. LeWitt's name as an expert witness for Defendant. Therefore, the issue as to Dr. LeWitt has been resolved. He is no longer an expert witness for Defendant.

The next issue raised by Plaintiff's motion is Defendant's failure to timely respond to Plaintiff's December 28, 2006 Interrogatories and Requests to Produce. Plaintiff's counsel advised the Court during the April 17 hearing that he had earlier on that day received Defendant's Answers to Plaintiff's Interrogatories, but that Plaintiff raised objections based on attorney client and the work product privileges. The Court finds that Defendant waived any such objections by failing to timely respond to Plaintiff's discovery request. Fed. R. Civ. P. 33(b)(4). The requests were served on December 28, 2006, and Plaintiff responded on April 17, 2007, well beyond the thirty days allowed by Fed. R. Civ. P. 33(b)(3). Defendant will therefore serve full and complete answers to Plaintiff's interrogatories by 5:00 p.m. on May 1, 2007.

With respect to Plaintiff's Requests to Produce, the only reason for not responding advanced by Defendant is the argument in its motion that the discovery seeks irrelevant information. Given the above conclusion that Plaintiff should not be precluded from discovering this information, Defendant's refusal to respond to the discovery requests is not justified. Defendant will therefore provide full and complete responses to Plaintiff's Requests to Produce by 5:00 p.m. on May 1, 2007.

The sole remaining issue raised by Plaintiff's motion to compel concerns the Notices of the taking of video depositions served by Plaintiff for four of Defendant's agents and employees. Again, Defendant's argument against the taking of these depositions is that the discovery seeks irrelevant information. The Court rejects this contention based on the above discussion. The parties will agree

5

by 5:00 p.m. on April 27, 2007 on mutually convenient dates, times, and locations for these four depositions. The depositions are to be completed by the close of discovery on June 25, 2007.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (docket no. 13) is **GRANTED** to the extent set out below:

1. Dr. LeWitt is no longer an expert witness identified by Defendant.

2. Defendant is ordered to serve full and complete answers to Plaintiff's Interrogatories and to fully and completely respond to Plaintiff's Requests for Production on or before 5:00 p.m. on May 1, 2007.

3. The parties are ordered to agree by 5:00 p.m. on April 27, 2007 on mutually convenient dates, times, and locations for Plaintiff to depose Nancy Graham, Debra Waters, Joe Kelly, and George Jones. These depositions are to be completed by June 25, 2007.

**IT IS FURTHER ORDERED** that Defendant's Motion to Preclude (docket no. 16) is **DENIED** as to the request to preclude Plaintiff from conducting discovery and **DENIED WITHOUT PREJUDICE** as to the request to preclude Plaintiff from offering into evidence at trial information related to Defendant's prior payment of benefits to Plaintiff.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 18, 2007                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

6

**PROOF OF SERVICE**

   I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 18, 2007      s/ Lisa C. Bartlett       
                Courtroom Deputy