# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DONALD TARNOSKI,

       Plaintiff,

v.                               CIVIL CASE NO. 06-12397
                                       HON. MARIANNE O. BATTANI

OLD REPUBLIC INSURANCE COMPANY,

       Defendant.

_____/

## OPINION AND ORDER AFFIRMING
### THE MAGISTRATE JUDGE'S APRIL 18, 2007, AND MAY 15, 2007, ORDERS

## I.    INTRODUCTION

Before the Court is Defendant's Objections to the Magistrate Judge's Order Granting Plaintiff's Motion to Compel (Doc. #29). On April 18, 2007, Magistrate Judge Majzoub entered an opinion an order that found, *inter alia*, that information regarding previous insurance benefit payments made by Defendant to Plaintiff were discoverable, and that Defendant waived any claim to attorney-client privilege because of its failure to timely respond to Plaintiff's discovery requests. Defendant objects to these findings.

## II.    STATEMENT OF FACTS

Plaintiff was injured in an automobile accident in 2004 while he was driving a vehicle owned by his employer, CSX Company. Defendant insured the vehicle. In December 2004, Plaintiff filed an action in state court against Defendant seeking no-fault benefits pursuant to Michigan state law. Defendant paid or committed to pay no-fault benefits to Plaintiff in excess

1

of $240,000 in November and December of 2005.  Defendant then paid an additional $200,000 to resolve certain disputed claims.  In January 2006, the parties reached a settlement agreement, and that action was dismissed.  Thereafter, Defendant discontinued paying no-fault benefits to Plaintiff.  The discontinuation of benefits followed an independent medical examination of Plaintiff that attributed his disability more to a pre-existing condition than the accident.  Plaintiff re-filed his suit in state court in May 2006.  Defendant removed that action to this Court.

## III.    STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).  The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  Id.  The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## IV.    ANALYSIS

Defendant first objects to the Magistrate Judge's finding that "[i]n the present action Plaintiff is not seeking to prevent Defendant from asserting that it now owes him nothing." Magistrate Judge Majzoub's April 18, 2007, Order, at 2, Doc. #23.  Defendant contends that this is precisely what Plaintiff's position is.  The case law cited by Defendant establishes that Defendant is not precluded from arguing that it does not now owe Plaintiff benefits merely

because it previously paid him insurance benefits. Magistrate Judge Majzoub recognized the holdings of the cases Defendant cites, and in doing so, recognized that Plaintiff may not pursue that line of argument. Moreover, as this is a discovery dispute, and not a dispositive motion, the fact that Plaintiff may not argue that Defendant is precluded from disputing his claim, is not determinative of whether the documents Plaintiff seeks are discoverable. Therefore, however inartfully Plaintiff may have drafted his complaint, merely because Defendant is not precluded from arguing that it owes Plaintiff nothing, does not mean that Plaintiff may not argue that Defendant does owe him benefits, or that he may not seek information relevant to his claim in documents created by Defendant through the course of its prior claim approval.

Next, Defendant objects to the Magistrate Judge's finding that Plaintiff's discovery request was reasonably calculated to lead to discoverable information despite the fact that under Federal Rule of Evidence 408, evidence of prior payments on Plaintiff's claim is inadmissible. Defendant argues that Plaintiff wishes to argue that, as a matter of law, it must pay the presently claimed benefits because of its prior payments. Defendant contends that because this evidence is inadmissible at trial, there is no reason for Plaintiff to be able to discover evidence of the past payments.

Defendant is correct that evidence of a previous settlement of Plaintiff's claims is inadmissible to establish present liability. However, that does not end the inquiry of whether information regarding the previous settlement is discoverable or not.

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . . . Relevant information need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1). Merely because evidence of the settlement itself is inadmissible, does not mean that the information Plaintiff seeks is irrelevant and that information encompassed in Plaintiff's request cannot reasonably calculated to lead to the discovery of admissible evidence. The Court finds that Magistrate Judge Majzoub did not err in finding that Plaintiff advanced non-frivolous theories, under which the sought-after information is discoverable.

Finally, Defendant objects to the Magistrate Judge's finding that it waived any claim to object to Plaintiff's discovery requests on the basis of attorney-client privilege because it failed to timely file any such objections. "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." FED. R. CIV. P. 33(b)(4). Defendant does not argue that good cause exists for its failure to timely object. Defendant does argue that ordering production of privileged material is a draconian measure in light of the fact that privileged material is generally not discoverable under Rule 26. However harsh the result may be, it is explicitly provided for in the Federal Rules of Civil Procedure, and thus, Defendant was well aware that such a result could arise if it failed to timely respond to Plaintiff's discovery requests. Therefore, Defendant has not presented a compelling argument for reversing the Magistrate Judge's order.

## V.     CONCLUSION

Accordingly, the Court **AFFIRMS** the Magistrate Judge's April 18, 2007, and May 15, 2007, Orders Denying Defendant's Motion for Reconsideration, and Granting in Part and

Denying in Part, Plaintiff's Motion to Compel and For Protective Relief, and Denying in Part

Defendant's Motion to Preclude Plaintiff From Conducting Discovery.

**IT IS SO ORDERED.**


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE



DATED: June 4, 2007




**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail

and/or electronic filing.


s/Bernadette M. Thebolt
DEPUTY CLERK