## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DONALD TARNOSKI,**

      **Plaintiff,**          **CIVIL ACTION NO.  06-CV-12397-DT**

  **VS.**               **DISTRICT JUDGE MARIANNE O. BATTANI**

**OLD REPUBLIC**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**INSURANCE CO.,**
        **Defendant.**

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION TO COMPEL

Plaintiff filed this Motion to Compel Discovery on July 23, 2007.  (Docket no. 34).  Defendant responded on August 8, 2007.  (Docket no. 37).  Plaintiff filed a Reply brief on August 10, 2007.  (Docket no. 39).  The Court held oral argument on this motion on August 13, 2007.  Plaintiff filed a supplemental Reply brief after oral argument.  (Docket no. 40).  The matter has been referred to the undersigned for decision.  (Docket no. 35).  The motion is now ready for ruling.

1.      *Defendant's Compliance with this Court's April 18, 2007 Order*

Plaintiff first seeks an order compelling Defendant to comply with this Court's earlier discovery order entered on April 18, 2007 (docket no. 23).  Defendant moved for reconsideration of that Order which was denied.  (Docket no. 28).  Also, Defendant objected to that Order, but the district judge affirmed it.  (Docket no. 31).  The district judge also denied Defendant's Motion for Reconsideration.  (Docket no. 33).  Defendant argued in its Response brief that an order compelling its compliance should await the district court's decision on a request for permission to appeal the April 18 Order which Defendant planned to file before the August 13, 2007 hearing.  However no such request to appeal was filed.  Therefore, Defendant must immediately comply with this Court's April 18, 2007 Order.

2.      *Depositions of Bill Romine and Tony Pruitt*

Bill Romine and Tony Pruitt are two employees of CSX Transportation, Inc., Plaintiff's former employer. Defendant states that it has no objection to Plaintiff deposing these two persons but wishes to delay the depositions until these discovery issues are resolved. Therefore, the parties should schedule these depositions to be completed by September 17, 2007.

3.      *Extension of Discovery Deadlines*

The district judge has set the discovery deadlines in this case. The parties must therefore approach Judge Battani with a request to extend these deadlines.

4.      *Plaintiff's 5/23/07 Discovery Requests*

Plaintiff moves to compel Defendant to respond fully to its Interrogatories and Requests for Production served on May 23, 2007. The Court will address the requests at issue individually or in groups as set out below.

*Request to Produce No. 2*

This request asks for documents authored by Plaintiff in connection with his employment before his accident. Defendant states that it has searched records pertaining to "citations" authored by Plaintiff and was not able to locate any such records. If this means that Defendant has no responsive documents, it should so state. Otherwise, Defendant should produce the requested documents.

*Request to Produce Nos. 4, 6, 7, 8 and Interrogatories 7 and 8*

These requests all seek information about the opinions of the experts that Defendant has named in either this case or the earlier state court case between these parties. Dr. LeWitt is a physician that Defendant named as its medical expert in its Witness List filed on December 15, 2006. Defendant later withdrew Dr. LeWitt as an expert. Defendant's remaining listed medical experts are Drs. Kneiser and Bieliauskas.

Request to Produce No. 4 requests copies of the records that Defendant gave to Dr. LeWitt for his review.[1] Because Dr. LeWitt will not be an expert witness for Defendant, Fed. R. Civ. P. 26(a)(2) does not apply to him. *See* Fed. R. Civ. P. 26(a)(2)(A) ( specifying a "person who may be used at trial to present evidence"). Dr. LeWitt may be subject to the provisions of Rule 26(b)(4)(B) which provide that:

> A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(B).

Plaintiff argues that this rule does not apply because he is not seeking "facts known or opinions held" by Dr. LeWitt. However, Plaintiff asks for the records that Defendant gave Dr. LeWitt and on which Dr. LeWitt would have based any opinion he made regarding Plaintiff's medical condition. Plaintiff is therefore seeking to discover the facts known by Dr. LeWitt. Plaintiff has not shown that Dr. LeWitt was "retained or specially employed" by Defendant. Defendant listed Dr. LeWitt as an expert early in this case, but there has been no showing that he was retained or otherwise employed. Even assuming that Dr. LeWitt was retained or otherwise employed, to discover the facts known to him Plaintiff must either show that Rule 35(b) applies or that exceptional circumstances exist. Rule 35(b) applies to those who made a physical or mental examination of a person. Here, Plaintiff's counsel

---

[1] This Court's earlier Order compels Defendant to respond to Plaintiff's Request to Produce L. which was served on December 28, 2006 and which asked for reports and/or records of interviews or memoranda of conversations with any medical expert consulted by Defendant and not already delivered to Defendant. Although this may apply to Dr. LeWitt, the scope of the requested information does not include the records that Defendant gave to Dr. LeWitt. Therefore, the Court's earlier Order does not address the issue raised by the present motion.

conceded at oral argument that Dr. LeWitt never examined Plaintiff. Therefore, Rule 35(b) does not apply to Dr. LeWitt. Finally, Plaintiff has not shown that exceptional circumstances exist under which it is impracticable for him to seek discovery to obtain facts on the same subject by other means. Plaintiff explains that he wants these records that Dr. LeWitt reviewed to compare with those reviewed by Drs. Kneiser and Bieliauskas. However, that argument fails to show that it is impracticable for him to obtain these facts by other means. The record is silent on whether, by way of example, Plaintiff could have obtained the records from Dr. LeWitt by subpoena or through other means. Accordingly, Plaintiff is not entitled to discover the records that Defendant gave to Dr. LeWitt. The motion to compel as to Request to Produce No. 4 will be denied.

The remaining discovery requests in this group all concern the other two medical experts, Drs. Kneiser and Bieliauskas. Request to Produce No. 6 seeks copies of all medical records and other materials provided by Defendant to these two experts in advance of their respective examinations of Plaintiff. Request to Produce No. 7 seeks the same information but which was provided subsequent to their examinations. Request to Produce No. 8 seeks copies of any deposition transcripts of these two experts in the possession of Defendant and/or its present counsel and/or its former counsel, Clark Hill LPC. Interrogatory No. 7 asks Defendant to list all cases known to Defendant and present and former counsel in which these two experts gave expert testimony at trial or in deposition, during the last 5 years. Interrogatory No. 8 asks whether these two experts have ever examined a person for an IME at the request of the major parties involved in this case.

Rule 26(a)(2) governs the disclosure of the testimony and related material of these two experts. They are experts whose testimony may be used at trial, unlike Dr. LeWitt. The rule provides that the expert shall make a written report containing specific information including the data or other information considered by the witness in forming his opinions, any exhibits to be used, the qualifications

4

of the witness, including a list of all publications authored by the witness within the preceding ten years and a listing of the other cases that the expert has testified as an expert at trial or by deposition within the preceding four years. Fed. R. Civ. P. 26(a)(2)(B). The first scheduling order in this case was entered on September 19, 2006. It called for Defendant's Expert Report to be submitted by October 30, 2006. There were two amendments to that scheduling order. However, neither of these amendments changed that date. Therefore, the Court finds that the time has long since past for Defendant to disclose the listed information regarding these two experts.

In comparing the information that Plaintiff is entitled to under Rule 26 to the specific requests that it has made, the Court finds that the motion to compel as to Requests to Produce 6 and 7 should be granted. Request to Produce No. 8 goes beyond the limits of the Rule. The motion as to that request will be denied. However, the Court notes that Defendant should forthwith disclose its expert reports if it has not already done so. This report will include some of the information requested by Request to Produce No. 8. Interrogatories 7 and 8 also seek more information than is allowed under Rule 26. The motion to compel answers to these two Interrogatories will be denied. However, the Court notes that some of the requested information should be contained in the expert report.

*Interrogatory Nos. 5 and 6*

Interrogatory No. 5 asks whether Defendant amended its policy of insurance pursuant to which benefits were paid to Plaintiff since this action was filed, and, if so, seeks specific information regarding the amendment. Interrogatory No. 6 asks whether the policy required CSX to satisfy or pay Defendant a deductible with respect to Michigan Personal Protection Insurance benefits paid to Plaintiff by Defendant as a result of the 2004 accident, and, if so, for certain information regarding that deductible.

Plaintiff suggests that Defendant has deliberately misled the Michigan Catastrophic Claims Association (MCCA) to believe that there was no deductible (in order for Defendant to be reimbursed

at a lower threshold) when in fact there was a $500,000.00 deductible that CSX had to pay. Plaintiff also suggests that Defendant amended its policy after Plaintiff's accident to qualify for reimbursement from the MCCA. Plaintiff argues that the discovery of this information will reflect on the credibility of Defendant and its officers.

Defendant argues that Plaintiff's claim is for no-fault payments under Michigan law and that the policy with CSX is irrelevant. Defendant also argues that any information submitted to the MCCA contains "reserve information" which is not discoverable. Reserves are monies set aside by an insurance carrier to pay for claims for which the insurer may be liable in the future. Finally, Defendant argues that the policy is not relevant because its relationship between itself and CSX "may be likened to a reinsurance contract" which is when one insurer for a consideration contracts with another to indemnify it against loss or liability.

First, the Court finds that the requested information may reflect on the credibility of Defendant and its officers and is therefore relevant and likely to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The Court does not find persuasive Defendant's argument regarding a "reinsurance contract." Defendant relies on cases which stand for the proposition that reinsurance contracts are not discoverable in part because they contain proprietary business information. However, the policy at issue here is between CSX Transportation, Inc. and Defendant Old Republic. There is no showing that CSX is an insurance company. Therefore, the Court does not find this argument to be a valid basis for denying Plaintiff's attempt to discover information about the policy.

There has also not been any showing that granting the requested discovery would result in the disclosure of any reserve information. Defendant may redact any such information while still answering the interrogatory. Finally, although the direct basis for Plaintiff's claim may be Michigan law instead of

the contract, it does not follow that the policy is irrelevant to the claims in this action. Accordingly, the motion to compel will be granted as to Interrogatory Nos. 5 and 6.

*Interrogatory Nos. 4 and 9; Request to Produce No. 3*

These requests all seek information regarding Defendant's claim for reimbursement from the MCCA. Request to Produce No. 3 seeks copies of all documents sent to or received from the MCCA but not previously sent to Plaintiff. Interrogatory 4 asks if Defendant sought reimbursement from the MCCA for "ultimate loss" consisting of certain payments to Plaintiff. Interrogatory 9 asks whether Defendant delivered all medical records in its possession or control to the MCCA, and if not, seeks information regarding these records. This requested information is related to the discussion above regarding the possibly misleading information that Defendant sent to the MCCA. For the reasons discussed previously, the Court finds these requests to be proper. Therefore, Plaintiff's motion to compel as to these requests will be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion to Compel Discovery and For Protective Relief (docket no. 34) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Defendant shall fully comply with this Court's April 18, 2007 Order by 5:00 p.m. on August 22, 2007.

**IT IS FURTHER ORDERED** that Defendant's counsel shall submit available dates to Plaintiff's counsel for the depositions of Bill Romine and Tony Pruitt on or before 5:00 p.m. on August 20, 2007, such depositions to be concluded by September 17, 2007.

**IT IS FURTHER ORDERED** that as to Plaintiff's 5/23/07 discovery requests, Defendant is ordered to answer Interrogatory Nos. 4, 5, 6, and 9 and to produce the documents requested by Request for Production Nos. 2, 3, 6, and 7 on or before 5:00 p.m. on August 27, 2007. The motion to compel is denied as to the remaining requests.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this

Order within which to file any written appeal to the District Judge as may be permissible under 28

U.S.C. 636(b)(1).


Dated: August 15, 2007                    s/ Mona K. Mazjoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE


**<u>PROOF OF SERVICE</u>**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on
this date.

Dated: August 15, 2007                    s/ Lisa C. Bartlett
                                          Courtroom Deputy