# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DONALD TARNOSKI,**

      **Plaintiff,**          **CIVIL ACTION NO. 06-CV-12397-DT**

 **VS.**                             **DISTRICT JUDGE MARIANNE O. BATTANI**

**OLD REPUBLIC INS. CO.,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendant.**

                            /

## OPINION AND ORDER DENYING PLAINTIFF'S SECOND RENEWED MOTION TO STRIKE DEFENDANT'S EXPERT AND FOR PROTECTIVE RELIEF

This matter comes before the Court on Plaintiff's Second Renewed Motion to Strike Defendant's Expert and for Protective Relief filed on August 1, 2008. (Docket no. 69). Defendant has responded. (Docket no. 72). The motion was referred to the undersigned for decision. (Docket no. 70). The Court heard oral argument on Plaintiff's motion on August 20, 2008. This matter is now ready for ruling.

Plaintiff moves to strike Dr. Kneiser from Defendant's witness list and to bar her from testifying at trial, or for alternative relief to prevent Defendant from deriving unfair advantage as a result of Defendant's alleged failure to comply with the requirements of Fed. R. Civ. P. 26(a) and two previous court orders. (Docket no. 69). The issue is whether Defendant has produced sufficient information regarding the cases in which Dr. Kneiser has previously testified either at trial or by deposition. Discovery in this action closed on August 23, 2007. (Docket no. 30). Trial is scheduled for November 10, 2008. (Docket no. 68).

Rule 26(a)(2)(B) requires a written report signed by the expert witness including among other things "a list of all other cases in which, during the previous four years, the witness testified

as an expert at trial or by deposition." Fed. R. Civ. P. 26(a)(2)(B)(v). Plaintiff relies upon *Nguyen v. IBP, Inc.*, 162 F.R.D. 675 (D. Kan. 1995) for the proposition that the expert's listing of cases "at a minimum should include the courts or administrative agencies, the names of the parties, the case number, and whether the testimony was by deposition or at trial." (*Id*. at 682). The goal of the Rule is to give sufficient information for a party to prepare for cross-examination at deposition or trial. (*Id*.).

The district court entered two previous Orders on this issue. The court's Order dated December 17, 2007 required Defendant to "produce within thirty (30) days from the date of this order the report from [Dr. Kneiser] containing the list of previous cases at which [she has] testified." (Docket no. 60). The court's Order dated March 12, 2008 required Defendant "to provide case numbers for the list of Dr. Mary Kneiser's depositions/testimony within 21 days of today's date." (Docket no. 65).

Defendant's counsel has acted in good faith in attempting to obtain this information from Dr. Kneiser. Counsel went to the extreme length of issuing a subpoena on August 7, 2008 to Dr. Kneiser for the production of her IME reports which resulted in her giving testimony from 2003 through 2006. Defendant's counsel during the August 20, 2008 hearing stated that she had not received a response from Dr. Kneiser to this subpoena. The information that Counsel has been able to gather regarding Dr. Kneiser's prior testimony is contained in a listing which Defendant's counsel e-mailed to Plaintiff's counsel on April 3, 2008. (Docket no. 69 ex. A). This listing consists of six pages of prior cases. Dates are given for all of the cases. The parties' names are given except for four of the cases for which only the plaintiff or claimant is listed. (Bruce Scott, Georgette Boulos, Charlene Gough and Dwayne Hurst). The name of the court is listed for all of the cases except for

2

Dwayne Hurst and Bruce Scott.[1] The large majority of the cases were in the Workers Compensation Bureau. The list includes the case numbers for all but one of the circuit court cases. (Tracy Levoir in Wayne Co. Circuit Court). The case numbers for the workers compensation cases are not given. However, Defendant's counsel made a Freedom of Information Act request to the state government regarding these case numbers, and the response from the Workers Compensation Agency states that the agency does not assign case numbers to contested cases. (Docket no. 72 ex. B). The files are maintained based solely upon the claimant's name and social security number. (*Id.*).

Defendant's counsel has complied with the court's December 17, 2007 Order by providing a list of previous cases for Dr. Kneiser. (Docket no. 60). Defendant's counsel has also shown that she has complied with the court's March 12, 2008 Order to the extent possible. That Order required counsel to provide case numbers for the list of cases. (Docket no. 65). The case numbers for the workers compensation cases are not provided because they do not exist, according to the state agency. According to that agency the claimant's name, which Defendant has provided, is one of the ways by which the cases are filed and maintained. Therefore, the Court finds that Defendant's counsel has substantially complied with the previous court orders.

Defendant's counsel has also supplied the information cited by the *Nguyen* case except for whether the testimony was for trial or deposition. The listing does need to be signed by Dr. Kneiser to comply with Rule 26.

Plaintiff's counsel has been in possession of the listing of cases provided by Defendant's counsel since April 3, 2008. He fails to show that he has made substantial efforts to gather

---

[1] Defendant's counsel stated during the August 20 hearing that she had attempted to find more information regarding Scott and Hurst, to the extent of hiring a private investigator, but no more information could be found.

information regarding Dr. Kneiser's testimony in these previous cases and that his lack of information from the list stymied his efforts. Plaintiff has failed to show that the court rule or case law requires Defendant's counsel to provide him with the actual transcripts of Dr. Kneiser's previous testimony. Rule 26 and the case relied upon by Plaintiff requires a listing of cases. Although there are some discrete pieces of information missing from the listing, Defendant's counsel has substantially complied with the court rule and the prior orders of the Court. Plaintiff's motion to strike Dr. Kneiser as an expert will therefore be denied.

As mentioned above, the signature of Dr. Kneiser on this listing of previous cases is a requirement of Rule 26. Defendant will therefore be ordered to obtain Dr. Kneiser's signature on the listing of April 3, 2008. In addition, during the August 20 hearing the parties discussed the possibility of obtaining Dr. Kneiser's billing records to determine if these records shed more light on her previous testimony as an expert. The Court finds that production of Dr. Kneiser's billing records related to the clients listed in the April 3, 2008 listing is required in order to comply with Rule 26 given the missing information that cannot otherwise be obtained.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Renewed Motion to Strike (docket no. 69) is **DENIED.**

**IT IS FURTHER ORDERED** that on or before September 5, 2008 Defendant provide to Plaintiff's counsel (1) a copy of the April 3, 2008 listing of cases signed by Dr. Kneiser as required by Fed. R. Civ. P. 26, and (2) copies of Dr. Kneiser's billing records related to her clients listed in the April 3, 2008 list, or a sworn statement from Dr. Kneiser stating that such records are not under her custody or control.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: August 22, 2008             s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE



## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: August 22, 2008             s/ Lisa C. Bartlett
                                   Courtroom Deputy