# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DONALD TARNOSKI,**

       **Plaintiff,**          **CIVIL ACTION NO. 06-CV-12397-DT**

  **VS.**                **DISTRICT JUDGE MARIANNE O. BATTANI**

**OLD REPUBLIC**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**INSURANCE CO.,**
       **Defendant.**
                                /

## OPINION AND ORDER DENYING DR. MARY KNEISER'S MOTION FOR A PROTECTIVE ORDER

This matter comes before the Court on the Motion for a Protective Order filed by non-party Dr. Mary Kneiser. (Docket no. 81). Dr. Kneiser is a medical doctor who was engaged by Defendant to be an expert witness in this action. She conducted an Independent Medical Examination of Plaintiff. Plaintiff and Defendant have responded to Dr. Kneiser's Motion. (Docket nos. 84, 85). This matter was referred to the undersigned for decision. (Docket no. 82). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

Dr. Kneiser's Motion is filed in response to this Court's Order of August 22, 2008. (Docket no. 79). In that Order this Court ordered "that on or before September 5, 2008 Defendant provide to Plaintiff's counsel (1) a copy of the April 3, 2008 listing of cases signed by Dr. Kneiser as required by Fed. R. Civ. P. 26, and (2) copies of Dr. Kneiser's billing records related to her clients listed in the April 3, 2008 list, or a sworn statement from Dr. Kneiser stating that such records are not under her custody or control." (*Id.*). Dr. Kneiser does not object to providing a signed version of the listing of cases, however she objects to providing her billing records to Defendant's counsel and contends that she cannot provide the sworn statement stating that the records are not under her

custody or control. Dr. Kneiser therefore requests that this Court grant her a protective order which limits the material she must provide and allows additional time for that production. (*Id*.). Defendant, in its Response, requests that the Court order production "of information sufficient to protect [Dr. Kneiser] and to allow the information required by the Federal Rules of Civil Procedure" to be obtained by Plaintiff's counsel. (Docket no. 85). Plaintiff requests that the motion be denied arguing among other reasons that Dr. Kneiser lacks standing to move for a protective order. (Docket no. 84).

Dr. Kneiser argues that she may properly move for a protective order under the plain language of Fed. R. Civ. P. 26(c) and (b) and under fundamental notions of due process. (Docket no. 81 at 14). Rule 26(b) addresses the scope and limits of discovery and subsection (c) addresses protective orders specifically. Rule 26(c)(1) allows a "party or any person from whom discovery is sought" to move for a protective order. Dr. Kneiser contends that there can be no serious dispute that she is a person from whom discovery is sought because it is her billing records that are at issue. However, Dr. Kneiser fails to show that any of the discovery methods recognized by the Federal Rules have been used against her to obtain her billing records. The Court was advised during the August 20, 2008 hearing that Defendant, the party who engaged her as an expert, served a subpoena upon Dr. Kneiser for copies of her IME reports on August 7, 2008. However, this subpoena does not mention billing records. There has been no showing that any other subpoena, request for the production of documents, or deposition notice has been served upon Dr. Kneiser for her billing records. Rather, the duty to provide the information falls upon Defendant as the party who engaged Dr. Kneiser as an expert pursuant to Fed. R. Civ. P. 26(a)(2). The Court's August 22, 2008 Order does not order Dr. Kneiser to perform any act. The Order is directed instead to Defendant.

Dr. Kneiser cites no authority for the proposition that under the above facts she is a "person from whom discovery is sought" under Rule 26(c). This Court's research has also not uncovered any support for this proposition. The Court therefore concludes that Dr. Kneiser is not a person from whom discovery is sought under Rule 26(c).

Dr. Kneiser also argues that the relief she requests is authorized by Fed. R. Civ. P. 26(b)(2)(C). This provision allows the Court to limit discovery if the Court finds that it is, among other things, unreasonably cumulative or duplicative, or it can be obtained from some other source that is less burdensome or less expensive, or the burden or expense of the discovery outweighs its benefit. (Docket no. 81 at 5). The discovery referred to in this Rule is that "otherwise allowed by these rules or by local rule." Fed. R. Civ. P. 26(b)(2)(C). Because no discovery allowed by the Federal Rules or local rules has been served upon Dr. Kneiser regarding her billing records, this provision also does not apply.

Dr. Kneiser also argues that due process requires that she be given a pre-deprivation opportunity to be heard on this matter. (Docket no. 81 at 15). The Due Process Clause limits the government when it is depriving a citizen of life, liberty, and property; it does not protect against invasion by private actors. *DeShaney v. Winnebago Co. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). Neither this Court nor any other branch of the government has placed Dr. Kneiser's life, liberty or property at risk. This Court has ordered Defendant to provide certain information from Dr. Kneiser. Defendant may either provide the information or not provide it and accept any consequences that may arise. Any compulsion for Dr. Kneiser to provide the information originates with Defendant, a private actor, rather than the Court. The government is therefore not depriving

3

Dr. Kneiser of life, liberty or property.  There is no governmental deprivation requiring due process protection.

Even if some due process protection attached in these circumstances, there is more than one way to provide due process.  Dr Kneiser through this motion attempts one of those methods.  In this Opinion and Order this Court finds only that Dr. Kneiser has no standing to move for a protective order.  *See S.E.C. v. Dowdell*, 144 Fed. App'x 716, 723 (10th Cir. 2005) (person who was not subpoenaed, was not party to action, and has not moved to intervene lacks standing to move for protective order under "clear language of Rule 26(c)"); *Erum v. County of Kauai*, 2008 WL 763231, slip copy at *3 (D. Haw. Mar. 20, 2008) ("Federal courts thus recognize that the proper procedure for a nonparty who seeks the modification of a protective order is to petition for intervention for that limited purpose in the matter").

Dr. Kneiser's Motion for a Protective Order will be denied for the above reasons.  In her motion Dr. Kneiser suggests that, but for the parties' attorneys view that they are not at liberty to stipulate to modifying or otherwise ameliorating the effects of the August 22, 2008 Order, the attorneys could have come to a mutually acceptable arrangement regarding the relief requested in her motion absent court action. (Docket no. 81 at 5).  The Court encourages the parties to cooperate in crafting a stipulated Order for the Court's review which enables Defendant to receive the information that Rule 26 requires while at the same time accounts for the considerations raised by Dr. Kneiser in this Motion.

**IT IS THEREFORE ORDERED** that Dr. Mary Kneiser's Motion for a Protective Order (docket no. 81) is **DENIED.**

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 23, 2008         s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: September 23, 2008         s/ Lisa C. Bartlett
                                  Courtroom Deputy