# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DONALD TARNOSKI,**

        **Plaintiff,**           **CIVIL ACTION NO. 06-CV-12397-DT**

  **VS.**                             **DISTRICT JUDGE MARIANNE O. BATTANI**

**OLD REPUBLIC**          **MAGISTRATE JUDGE MONA K. MAJZOUB**
**INSURANCE CO.,**
        **Defendant.**
                              /

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE RELIEF

This matter comes before the Court on Plaintiff's Emergency Motion for Protective Relief filed on October 27, 2008. (Docket no. 89). Both Defendant and Dr. Kneiser filed Responses. (Docket nos. 100, 101). The Court heard oral argument on November 12, 2008. This matter was referred to the undersigned for decision. (Docket no. 90). Plaintiff's Motion for Protective Relief is now ready for ruling.

The discovery period in this action is closed, and trial is set to begin on December 1, 2008, according to Plaintiff's counsel. Plaintiff by this motion seeks an order compelling Dr. Kneiser, Defendant's expert witness, to appear for a continued discovery deposition and compelling Defendant and/or Dr. Kneiser to produce deposition notices and such billing records as are in her possession and are immediately available. (Docket no. 89 at 5).

### 1. Dr. Kneiser's Continued Deposition

Plaintiff's counsel deposed Dr. Kneiser on October 24, 2008 for two hours. Plaintiff noticed Dr. Kneiser's deposition on October 9, 2008 pursuant to Mich. Court Rule 2.306. (Docket no. 89 ex. A). The Notice requests that Dr. Kneiser bring with her to her deposition certain documents. Item 2 asks for copies of any correspondence to or from Defendant's counsel regarding any list of cases in which Dr. Kneiser has testified, or regarding any billings for Dr. Kneiser's services as an expert witness. (*Id.*). Item 3 asks for the complete file relating to any services provided to the Defendant or its attorneys. (*Id.*). Item 4 asks for correspondence to or from the Defendant concerning Dr. Kneiser's opinions, research or anticipated testimony. (*Id.*). With respect to the listing of cases, this Court previously denied Plaintiff's motion to strike Dr. Kneiser as Defendant's expert witness after finding that Defendant had substantially complied with Fed. R. Civ. P. 26 in producing the list of cases in which Dr. Kneiser has given testimony. (Docket no. 79 at 4).

On October 23, 2008 Defendant's counsel objected to the above three items that Plaintiff's counsel requested Dr. Kneiser to bring with her to her deposition. (Docket no. 89 ex. B). Counsel's objection is based in part on the work product doctrine.[1] (Docket no. 101). Plaintiff's counsel argues that during Dr. Kneiser's deposition Defendant's counsel improperly instructed Dr. Kneiser not to answer questions regarding these three items. (Docket no. 89 at 4). Plaintiff's counsel seeks an order compelling "Defendant to immediately produce Dr. Kneiser for a continued discovery deposition, at Defendant's expense, for the purpose of allowing Plaintiff's counsel to examine her

---

[1] Whether the work product doctrine applies to these documents need not be determined at this time. However, the Court notes that the Sixth Circuit has determined that, in cases in which the federal common law governs, "Rule 26 creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product, given to testifying experts." *Regional Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 717 (6th Cir. 2006).

regarding matters specified in the notice [of deposition]." (Docket no. 89 at 5). Plaintiff's counsel wishes to resume the deposition of Dr. Kneiser and receive answers to questions which counsel argues are important to Dr. Kneiser's credibility. (Docket no. 89 at 12-13). Such questions do not pertain to the substance of Dr. Kneiser's opinion regarding Plaintiff's medical condition. (*Id.*).

Plaintiff's Notice of the deposition of Dr. Kneiser is procedurally flawed. Plaintiff's Notice was improperly served under Michigan Court Rule 2.306 instead of a federal court rule. (Docket no. 89 ex. A). Rule 30(b)(2), Fed. R. Civ. P., provides for document production during depositions, but it also speaks of a subpoena duces tecum being served on the deponent or notice under Rule 34 with respect to production of documents during depositions of parties. Plaintiff's counsel has not shown that he served a subpoena duces tecum on Dr. Kneiser or a proper notice under Rule 34 for the documents in question. Both of these federal rules provide a mechanism for objecting to the production. By not following the federal rules to properly notice Dr. Kneiser's deposition, and now seeking to compel answers regarding these objected-to documents pursuant to Fed. R. Civ. P. 30(c)(2), Plaintiff's counsel improperly seeks to limit the ability of Defendant or Dr. Kneiser to object to the production of the documents and the questions pertaining to them. Therefore, the Court does not find compelling Plaintiff's counsel's argument that Fed. R. Civ. P. 30(c)(2), which by its terms applies to objections "at the time of the examination," required Dr. Kneiser to answer questions regarding the objected-to-documents.

The Court has reviewed the transcript of Dr. Kneiser's deposition. Plaintiff's counsel barely touched on the substance of Dr. Kneiser's medical opinion and expected testimony. Defendant's counsel stated during the November 13, 2008 hearing that she has no objection to a continued deposition of Dr. Kneiser. Therefore, the Court finds that a continued deposition is necessary.

3

However, the Court will require Plaintiff's counsel to properly notice this deposition pursuant to Fed. R. Civ. P. 30. Due to the procedural irregularities identified above, the Court will not direct Dr. Kneiser to answer the questions listed by Plaintiff's counsel in his brief (docket no. 89 at 12-13), and also will not compel the production of the documents sought by Plaintiff.

### 2. Production of Deposition Notices or Billing Records

Dr. Kneiser is in possession of the notices of depositions for the bulk of the cases in which she has previously given testimony. Her counsel offered to make these notices available to Plaintiff's counsel to provide the discrete pieces of information that were missing from Dr. Kneiser's Rule 26 listing as an alternative to producing Dr. Kneiser's billing records for these cases. Counsel for Dr. Kneiser proposed that a protective order accompany the disclosure of these notices. The parties could not agree on a protective order, and the deposition notices have not been exchanged.

This Court previously ordered Defendant to provide to Plaintiff's counsel "copies of Dr. Kneiser's billing records related to her clients listed in the April 3, 2008 list, or a sworn statement from Dr. Kneiser stating that such records are not under her custody or control." (Docket no. 79 at 4). These billing records have still not been produced even though they were ordered to be produced by September 5, 2008. (*Id.*). This Court on September 23, 2008 denied a Motion for Protective Order regarding these billing records filed by Dr. Kneiser. (Docket no. 86).

The billing records must be produced. Because the deposition notices were offered only in the place of the billing records, the Court will not compel their disclosure. Plaintiff's counsel stated during oral argument that he does not object to the billing records being produced pursuant to a protective order. The Court has reviewed the proposed protective order drafted for the deposition notices. The terms of that proposed order are appropriate for application to Dr. Kneiser's billing

4

records. Defendant's counsel is directed to modify the terms of that order for Dr. Kneiser's billing records and submit to the Court and Plaintiff's counsel a proposed order on or before November 17, 2008. Plaintiff's counsel may object to the proposed order on or before November 18, 2008. The Court will then immediately enter an order applicable to Dr. Kneiser's billing records. Defendant's counsel shall produce the billing records to Plaintiff's counsel on or before November 24, 2008.

**IT IS THEREFORE ORDERED** that Plaintiff's Emergency Motion for Protective Relief (docket no. 89) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel may notice the continued deposition of Dr. Kneiser pursuant to the Federal Rules of Civil Procedure, such deposition to be completed on or before November 21, 2008.

**IT IS FURTHER ORDERED** that Defendant's counsel provide to Plaintiff's counsel copies of Dr. Kneiser's billing records related to her clients listed in the April 3, 2008 list, pursuant to a protective order as set out above, on or before November 24, 2008.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: November 14, 2008           s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 14, 2008                    s/ Lisa C. Bartlett
                                                           Courtroom Deputy